```
                    FILED - SOUTHERN DIVISION
                    CLERK, U.S. DISTRICT COURT

                         JAN - 9 2013

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY  shy                DEPUTY
```

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMORY CARD INTERNATIONAL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | CASE NO. SACV12-316 DOC (ANx)<br>ASSIGNED TO THE HON. DAVID O. CARTER<br><br>[PROPOSED] PROTECTIVE ORDER<br><br>*Before Magistrate Judge Nakazato*<br><br>Complaint Filed: January 18, 2012<br>Action Removed: March 1, 2012<br>Trial Date: March 26, 2013 |

## [PROPOSED] PROTECTIVE ORDER

The Court, after finding that good cause exists for this Protective Order, HEREBY ORDERS that:

1. Any material or information classified as "CONFIDENTIAL", as described in paragraph 2 below, (including, but not limited to, documents, exhibits, answers to interrogatories, responses to requests for admission, deposition transcripts

-1-

1  and testimony, and materials and documents prepared by experts containing
2  confidential material), shall be governed by this Order.
3      2.   Any material or information produced in response to the Court's January
4  4, 2013 Order regarding production of claims manuals (Doc 41) may be designated as
5  "CONFIDENTIAL", if the party has a good faith belief that the information or
6  material produced is proprietary or reflects trade secret information.  The party
7  believing that the material requires protection shall inform all counsel as to which
8  materials are to be treated as confidential; and counsel shall affix in a conspicuous
9  manner the marking "CONFIDENTIAL" to each of those materials.  Absent a specific
10  order by this Court, such materials designated as Confidential shall be used by the
11  parties solely in connection with this litigation, and not for any other purpose; and
12  such information shall not be disclosed to anyone except as provided herein.
13      3.   Whenever experts, attorneys, paralegals or other persons prepare
14  discoverable documents that summarize, recite or otherwise disclose such
15  Confidential information, the party or attorney for whom those persons performed
16  services shall affix the marking "CONFIDENTIAL" in a conspicuous manner on each
17  of those documents.
18      4.   If any information or material designated to be Confidential pursuant to
19  this Order is used during the course of a deposition in this action, that portion of the
20  deposition record reflecting such Confidential information shall be sealed and stamped
21  or marked "CONFIDENTIAL," and access thereto shall be limited pursuant to the
22  terms of this Order.
23      5.   Witnesses or counsel at a deposition in this action shall invoke the
24  provisions of this Order by stating on the record during deposition that testimony
25  given at the deposition is designated "Confidential."  No person shall attend portions
26  of the depositions designated "CONFIDENTIAL" unless such person is an authorized
27  recipient of the confidential information under the terms of this Order.  Any court
28  reporter who transcribes "CONFIDENTIAL" testimony in this action at a deposition

shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain protected and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony, will be marked "CONFIDENTIAL" and will be retained in absolute confidence and safekeeping by such reporter, delivered to the attorneys of record or filed under seal with the Court.

6. Material designated as "CONFIDENTIAL" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated only to:

 a. parties or employees of such parties for use in relation to this litigation only;

 b. counsel for the parties or employees of such counsel to whom it is necessary that the confidential information or material be shown or disclosed for purposes of this litigation;

 c. non-employee, independent consultants and/or non-employee, independent experts working directly on this litigation at the request or at the direction of counsel;

 d. a court reporter transcribing, and an outside person translating at, a deposition in this matter;

 e. the Court and jury, as necessary for purposes of trial or motions; and

 f. third party witnesses who are called upon to provide testimony in deposition and/or at trial in this action, and who are first provided a copy of this Order and agree to comply with its terms.

7. All confidential material which is filed with the Court shall be submitted separately to the Court under seal. Any pleadings, motions, or other papers disclosing said Confidential information shall be filed under seal. Regardless of who has filed the document containing the Confidential information, it shall be the party who has

1  designated the information as Confidential that shall have the burden to prove to the
2  Court why the document should remain sealed and not be filed with public access. If
3  that party is unable to obtain and maintain a Court order keeping the document sealed,
4  the document may be publicly filed.
5       Following disposition of trial and any and all appeals, such material may be
6  disposed of by the Court, unless the party submitting such materials requests that they
7  be returned, in which case, the materials shall be returned to that party.
8       8.   If, at any time, counsel for any party claims that counsel for any other
9  party has unreasonably designated information or documents produced herein to be
10 confidential, or otherwise seeks relief from the terms of this Order, objecting counsel
11 may make an application to this Court requesting that specifically identified
12 documents be excluded from this Order.
13      9.   Any person or entity aggrieved by a violation of this Order may petition
14 the Court for relief. However, the sole remedy to be imposed by the Court for any
15 violation of this Order shall be injunctive relief.
16      10.  Any application, petition, or motion to the Court for relief pursuant to
17 this Order shall be accompanied by a declaration stating facts showing a reasonable
18 and good faith attempt at an informal resolution of each issue presented by the
19 application, petition or motion.
20      11.  This Order is entered solely for the purpose of facilitating the exchange
21 of documents and information between the parties to this action without unnecessarily
22 involving the Court in the process. Nothing in this Order nor the production of any
23 information or document under its terms nor any proceedings pursuant to this Order
24 shall be deemed to have the effect of an admission or waiver, express or implied, by
25 any party that information or documents designated by another party do in fact
26 warrant protection, or is a trade secret and/or confidential information, or is otherwise
27 admissible as evidence in this action.
28

12. Upon termination of this litigation, the originals and all copies of confidential materials shall be turned over to counsel for the party who produced such documents, or disposed of in some other manner that is mutually agreeable among the parties, except that counsel may retain one copy of all pleadings containing confidential information or documents.

**IT IS SO ORDERED**.

DATED:   January 9, 2013

Hon. Arthur Nakazato
United States District Court Magistrate Judge

Submitted by:

WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Patice A. Gore (State Bar No. 258776)
601 South Figueroa Street, Suite 2350
Los Angeles, California 90017
Telephone:   (213) 596-8000
Facsimile:   (213) 596-8039
Email:   aagness@wmattorneys.com
         pgore@wmattorneys.com

Attorneys for Defendant **ST. PAUL FIRE & MARINE INSURANCE COMPANY**