UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES – GENERAL

Case No. SACV 12-0316 DOC (ANx)            Date: July 18, 2013

Title: MEMORY CARD INTERNATIONAL V. ST. PAUL FIRE AND MARINE INSURANCE CO.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL**

Before the Court is a Motion for a New Trial (Dkt. 185) filed by Plaintiff Memory Card International ("Memory Card").[1] For the reasons below, the Motion is DENIED.

**I. Background**

This case is a dispute over payments made under an insurance policy to compensate Memory Card, after Memory Card reported a robbery in May 2008. Memory Card sued its insurer, Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") for breach of contract, alleging that St. Paul underpaid on several categories of stolen computer chips. St. Paul in turn filed a counterclaim for fraud against Memory Card and the head of Memory Card, Sunil Tolani ("Tolani").

Trial began on May 13, 2013, and ended on May 16, 2013. The jury found in favor of St. Paul on the breach of contract claim, and in favor of Memory Card and Tolani on the fraud counterclaim. Verdict (Dkt. 174).

On June 13, 2013, Memory Card moved for a new trial. Further facts are discussed below.

//

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0316 DOC (ANx)                  Date: July 18, 2013

Page 2

### II. Legal Standard

A new trial may be granted in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law. Fed. R. Civ. P. 59(a). Granting a new trial is left to the sound discretion of the trial court. *See Browning-Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989). Bases for a new trial include: (1) a verdict against the clear weight of the evidence, *see Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987); (2) evidence, discovered after trial, that would not have been uncovered earlier through due diligence and that is of such magnitude that its production at trial would likely have changed the outcome of the case, *see Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992-93 (9th Cir. 2001) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000)); (3) jury misconduct, *see United States v. Romero-Avila*, 210 F.3d 1017, 1024 (9th Cir. 2000); and (4) error in law that has substantially prejudiced a party, *see Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995).

### III. Discussion

Memory Card contends that its insurance policy made clear that St. Paul had to pay the cost of replacing stolen merchandise (without deducting for depreciation), that St. Paul never did this, and that even its purported effort to pay book value fell short of what the evidence showed was the proper book value. *See* Mot. at 10. "It is clear that the jury did not make any calculation of value," and thus its verdict goes against the clear weight of the evidence showing St. Paul should have paid more. *See id.*

Memory Card cites *Molski v. M.J. Cable, Inc.* 481 F.3d 724 (9th Cir. 2007) for the holding that the district court erred when it denied a motion for a new trial because the factual evidence was undisputed. The *Molski* plaintiff sued a restaurant for violations of the Americans with Disabilities Act. *Id.* at 726. A special verdict form asked jurors to first determine whether the restaurant failed to identify and remove architectural barriers. *Id.* at 731. The jury answered "No" to this threshold question, even though there was no evidence to support that determination. *Id.*[2] The jury thus never reached a later issue on the special verdict form (whether removing such barriers was "readily achievable"), which did have conflicting testimony at trial. *Id.* Under those circumstances, it was reversible error not to grant a new trial, *id.* at 734.

---

[2] The restaurant company's vice president actually acknowledged the violations and admitted no one had attempted to identify or remove the barriers. *Id.* at 732.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0316 DOC (ANx)                  Date: July 18, 2013
                                                                                  Page 3

---

       Here, by contrast, there was no special verdict form, *see* Verdict (Dkt. 174); there is no threshold question that the jury got wrong. Memory Card argues that its purchase of three types of chips for $250,000 from California Computer Designs, and related exhibits for the price of the items on Memory Card's books, shows that there can be no dispute that St. Paul underpaid to compensate for the later theft of some of those chips. *See* Mot. at 9. Even if limited to book value, St. Paul did not pay that, Memory Card contends. *Id.*

       But, like all Memory Card's arguments, this is just a disagreement about how the jury weighed the evidence and the credibility of the witnesses. The jury could have reasonably doubted that evidence of the $250,000 deal with California Computer Designs established any kind of reliable price for any of the chips. This is because both a February 27, 2008 e-mail that Tolani sent (Dkt. 123-1), and trial testimony from Ram Dhingra, the owner of California Computer Designs, raised the possibility that the sale was just an effort make Dhingra's company look like it was selling merchandise because he trying to sell the company.

       Memory Card argues that the jury's verdict on its breach claim cannot be justified "on the basis of a myriad of instances where the jury could have found fraudulent conduct on the part of Memory Card." Mot. at 3. Such a justification is inconsistent with the verdict in Memory Card's favor on the fraud counterclaim. *Id.* But finding St. Paul did not prove all the elements of fraud does not mean the jury believed Memory Card's version of all evidence introduced to show fraud. For example, jurors could have rejected Memory Card's claims that it had credible quotes from vendors for the values of the lost chips given that no such vendor testified at trial. They could have doubted Memory Card's credibility based on conflicts between what Memory Card claimed was the value of its chips to St. Paul and the values it listed when it filed its 2008 tax return (Trial Exhibit 373).

       To sum up, when giving "full respect to the jury's findings," this Court is not "left with the definite and firm conviction that a mistake has been committed." *Landes*, 833 F.2d at 1371-72. This is not a close call. The jury had ample evidence for its verdict.[3]

---

[3] The Court notes St. Paul's argument that Memory Card violated the Local Rules. Local Rule 59-1.6 provides that Memory Card's Motion had to be noticed and heard as provided in Local Rule 7-3 et seq. Memory Card's Motion lacks the required statement that there was a conference of counsel on the substance of the Motion. *See* L.R. 7-3. St. Paul's counsel submitted an e-mail chain as an exhibit, Agness Decl. (Dkt. 188-1, at page 5), in which St. Paul's counsel asked Memory Card to take the Motion off calendar because there was no meet and confer, and thus St.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0316 DOC (ANx)                  Date: July 18, 2013
                                                                                                                                                                                          Page 4

### IV. Disposition

For the above reasons, the Motion for a New Trial is DENIED. The Court vacates the hearing set for Monday, July 22, 2013.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                                                          Initials of Deputy Clerk: jcb

---

Paul had less notice than it should have had. Memory Card's counsel replied, in part, that "Now that you have seen the motion please consider it as our request to meet and confer," and said he would file a notice to continue the motion hearing to a later date. *Id.* But, as St. Paul's counsel correctly explained in an e-mail reply, the deadline on an opposition to a motion for a new trial runs from the date of the filing of the motion ("not later than ten (10) days after service of the motion in the instance of a new trial motion," L.R. 7-9). This means continuing the motion hearing date did nothing to change St. Paul's deadline—and it gave Memory Card more time for its Reply because the Reply deadline runs backward from the time of hearing, *see* L.R. 7-10. Memory Card does not address any of this in its Reply, and has already had a motion denied for not telling opposing counsel that it is going to file a motion (*see* Dkt. 133). Thus, although Memory Card loses the Motion on the merits, there is also a procedural reason for denying the Motion.